**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

WILLIAM DAVIDSON HAMBY, JR.,    :

         Plaintiff,               :

v.                             :          Civ. No. 19-1568-RGA

TONY PARKER, et al.,            :

         Defendants.        :

**MEMORANDUM**

Plaintiff William Davidson Hamby, Jr., an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this action on August 23, 2019. He appears *pro se* and neither paid the filing fee nor sought leave to proceed *in forma pauperis*.

The Court construes the Complaint as alleging violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. The Complaint alleges that Plaintiff has been threatened by other inmates and has told Defendants about the threats, but nothing has been done. Plaintiff alleges that his hand was crushed in the "food port" by one of the inmates. (D.I. 2 at 3). He seeks compensatory damages, injunctive relief, and a transfer from the prison.

A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which

1

an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may issue a Section 1404(a) transfer order *sua sponte*. *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011). It would make sense that the Court could also transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*.

Here, it is evident that none of the events or omissions giving rise to Plaintiffs' claims occurred in Delaware. Clearly, they occurred in Tennessee where Plaintiff is incarcerated. There is no venue in Delaware. The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Eastern District of Tennessee, Knoxville Division, where Plaintiff is housed in the Tennessee Department of Correction, where most, if not all Defendants are located, and where based upon the allegations it appears all the events took place.

For the above reasons, the Clerk of Court will be directed to transfer this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Tennessee.

A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Dated: _August 30_ 2019
Wilmington, Delaware

2